IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| TRAVIS JEZEK, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CASE NO. 7:23-cv-00115-CM |
| | § | |
| ASI LLOYDS, | § | |
| | § | |
| Defendant. | § | |

# DEFENDANT ASI LLOYD'S
# FIRST AMENDED ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendant ASI Lloyds ("ASI" or "Defendant") files its First Amended Answer to Plaintiff's Original Petition (the "Complaint") as follows:

## I.
## THE PARTIES

1.  Defendant admits the allegations contained in paragraph 1 of the Complaint.

2.  Defendant admits the allegations contained in paragraph 2 of the Complaint.

## II.
## DISCOVERY

3.  Defendant denies that discovery is proper under the TEXAS RULES OF CIVIL PROCEDURE as alleged in paragraph 3 of the Complaint, as the lawsuit is now pending in federal court.

## III.
## CLAIM FOR RELIEF

4.  The jurisdictional allegations in Paragraph 4 of the Complaint are legal conclusions and require no response from Defendant. Defendant admits, however, that this Court has jurisdiction over this matter.

## IV.
## JURISDICTION AND VENUE

5. The jurisdictional allegations in Paragraph 5 of the Complaint are legal conclusions and require no response from Defendant. Defendant admits, however, that this Court has jurisdiction over this matter.

6. The venue allegations in Paragraph 4 of the Complaint are legal conclusions and require no response from Defendant. Defendant admits, however, that venue is proper in the Western District of Texas, Midland-Odessa Division.

## V.
## FACTUAL BACKGROUND

7. Defendant admits the allegations contained in paragraph 7 of the Complaint.

8. Defendant admits that Plaintiff filed a claim with Defendant for damage alleged to have been caused by a storm in the Midland, Texas area on or about May 24, 2022. Defendant denies the remaining allegations contained in paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

## VI.
## CAUSES OF ACTION

13. To the extent that Paragraph 13 attempts to incorporate by reference the allegations contained in Paragraphs 1 through 12, Defendant reiterates and incorporates the preceding admissions and denials made in response to Paragraphs 1 through 12.

**A.    Breach Of Contract**

14. Defendant admits it issued a Policy of insurance to Plaintiff, subject to its terms and conditions. Defendant denies the remaining allegations contained in paragraph 14 of the Complaint.

**B.    Prompt Payment of Claims Statute**

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

**C.    Bad Faith**

17. The statement of law in paragraph 17 of the Complaint is a legal conclusion and requires no response from Defendant; however, to the extent a response is required, Defendant denies it violated Section 541 of the Texas Insurance Code.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

**D.    Attorneys' Fees**

23. Defendant admits that Plaintiff is represented by legal counsel in this lawsuit; however, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in 24 of the Complaint.

25. Defendant denies the allegations contained in 25 of the Complaint.

## VII.
## CONDITIONS PRECEDENT

26. Defendant denies the allegations contained in 26 of the Complaint.

## VIII.
## PRAYER

27. Defendant denies that Plaintiff is entitled to the relief requested in the prayer.

## IX.
## AFFIRMATIVE DEFENSES

Pleading further, and in the alternative if necessary, Defendant asserts the following affirmative defenses:

28. Plaintiff's claims are barred, in whole or in part, by the terms and conditions set forth in the policy of insurance (the "Policy") which is the subject of this suit, along with the endorsements thereto, all of which are expressly incorporated by reference as if set forth fully herein.

29. Without limiting the foregoing, Plaintiff's claims are barred, by the following terms and conditions of the Policy:

*SECTION I – PERILS INSURED AGAINST*
*COVERAGE A – DWELLING AND COVERAGE B – OTHER STRUCTURES*

*We insure for sudden and accidental direct physical loss to property described in Coverages A and B.*

*However, we do not insure for loss:*

*3.   Caused by:*

*e.   Constant or repeated seepage or leakage of water or steam or the presence of condensation or humidity, moisture or vapor, over a period of 14 or more days from within a plumbing, heating, air conditioning or automatic fire protective sprinkler system, or from within a household appliance. In the event this exclusion applies, we will not pay for any damages sustained starting from the first day the seepage or leakage of water or steam or the presence of condensation or humidity, moisture or vapor began;*
*f.   Wear and tear, marring, or deterioration;*

*g.     Mechanical breakdown, latent defect, inherent vice, or any quality in property that causes it to damage or destroy itself;*
*k.     Settling, shrinking, bulging or expansion, including resultant cracking, of bulkheads, pavements, patios, footings, foundations, walls, floors, roofs or ceilings;*

*Exception to 3.f. through 3.o.*

*Unless the loss is otherwise excluded, we cover loss to property covered under Coverage A or B resulting from an accidental discharge or overflow of water or steam from within a plumbing, heating, air conditioning or automatic fire protective sprinkler system or household appliance on the "residence premises", including the cost to tear out and replace any part of a building, or other structure, on the "residence premises", but only when necessary to repair the system or appliance. However, such tear out and replacement coverage only applies to other structures if the water or steam causes actual damage to a building on the "residence premises".*

*We do not cover loss to the system or appliance from which this water or steam escaped.*

*For purposes of this provision, a plumbing system or household appliance does not include a sump, sump pump or related equipment or a roof drain, gutter, down spout or similar fixtures or equipment.*

## *SECTION I – EXCLUSIONS*

*We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.*

### *Neglect*
*Neglect means neglect of any "insured" to use all reasonable means to protect and preserve property at and after the time of a loss.*

### *Existing Damage*
*We do not cover:*
*1.     Damages which occurred prior to policy inception regardless of whether such damages were apparent at the time of the inception of this policy or discovered at a later date; or*
*2.     Claims or damages arising out of workmanship, repairs or lack of repairs arising from damage which occurred prior to policy inception.*

*We do not insure for loss to property described in Coverages A and Be caused by any of the following:*

> 3.   Faulty, inadequate or defective:
> a.   Planning, zoning, development, surveying, siting;
> b.   Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
> c.   Materials used in repair, construction, renovation or remodeling; or
> d.   Maintenance;
> of part or all of any property whether on or off the "residence premises".
>
> However, any ensuing loss to property described in Coverages A and B not precluded by any other provision in this policy is covered.

30.   Plaintiff's extra-contractual claims are barred, in whole or in part, because there exists a *bona fide* dispute regarding coverage under the Policy.

31.   Defendant further pleads the defense of payment. More specifically, Defendant has previously paid all amounts owing to Plaintiff under the Policy. An account of each payment made to Plaintiff by Defendant is attached to this Answer will be supplemented.

32.   Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate his damages, if any.

33.   Plaintiff's damages, if any, are the direct result of the negligent and/or wrongful acts and/or omissions of Plaintiff. These acts and/or omissions by the Plaintiff were a contributing cause, and/or a proximate cause, and/or a producing cause, and/or the sole proximate cause of Plaintiff's alleged damages made the basis of this suit.

34.   Plaintiff's claims are barred, in whole or in part, by the defenses of waiver and estoppel.

35.   Section 41.008 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE applies to restrict and limit Plaintiff's claims for exemplary damages and Defendant intends to invoke the damage cap if exemplary damages are awarded.

36.   Section 41.007 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE bars Plaintiff from recovering pre-judgment interest on any award of exemplary damages.

37. In the event of recovery of damages from Defendant, any award of pre- and/or post-judgment interest is limited by the applicable provisions of the TEXAS FINANCE CODE.

38. Defendant hereby reserves the right to add additional defenses, as they may become known during the course of discovery.

## X.
## RESERVATION OF APPRAISAL RIGHTS

39. Defendant reserves its right to invoke appraisal pursuant to the terms and conditions of the subject policy, and the filing of this Answer, or any other act performed by Defendant in the defense of this lawsuit, should not be deemed as a waiver of such right.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant ASI Lloyds requests that Plaintiff takes nothing by this suit; that Defendant recover all costs; and that Defendant be granted all such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

*/s/ Colin Batchelor*
COLIN BATCHELOR
State Bar No. 24043545
SALINA A. KABANI
State Bar No. 24067474
**TILLMAN BATCHELOR LLP**
5605 N. MacArthur Blvd. Suite 560
Irving, Texas 75038
Telephone: (214) 492-5720
Facsimile: (214) 492-5721
E-mail: colin.batchelor@tb-llp.com
E-mail: salina.kabani@tb-llp.com

**ATTORNEYS FOR DEFENDANT
ASI LLOYDS**

## CERTIFICATE OF SERVICE

In accordance with the Federal Rules of Civil Procedure, on August 17, 2023, a true and correct copy of the above and foregoing instrument was served on the following counsel of record electronically or by another manner authorize by Federal Rule of Civil Procedure 5(b)(2):

**ATTORNEYS FOR PLAINTIFF**
Maria Gerguis
State Bar No. 24090355
Richard D. Daly
State Bar No. 00796429
DALY & BLACK, P.C.
2211 Norfolk St., Suite 800
Houston, Texas 77098
713-655-1405 Telephone
713-655-1587 Facsimile
mgerguis@dalyblack.com
rdaly@dalyblack.com
ecfs@dalyblack.com

*/s/ Colin Batchelor*
COLIN BATCHELOR